## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TARA GIONFRIDDO | * |
| 47 East Randall Street | * |
| Baltimore, Maryland 21230 | * |
| | * |
| and | * |
| | * |
| J. ZACHARY G. STEVENS | * |
| 1036B Light Street | * |
| Baltimore, Maryland 21230 | * |
| | * |
| and | * |
| | * |
| AARON ZETZER | * |
| 1806 Thames Street, Apt. #23 | * |
| Baltimore, Maryland 21231 | * |
| | * |
| and | * |
| | * |
| ASHLEY HUSICH | * |
| 1351 Jackson Street | * |
| Baltimore, Maryland 21230 | * |
| | * |
| and | * |
| | * |
| ERIC J. GILBERT | * |
| 3634 Ash Street | * |
| Baltimore, Maryland 21211 | * |
| | * |
| and | * |
| | * |
| ASTRID L. GARRISON | * |
| 5505 Harvest Scene Court | * |
| Columbia, Maryland 21044 | * |
| | * |
| ***On Behalf of Themselves Individually*** | * |
| ***and All Others Similarly Situated*** | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   **Civil Action No.:** |
| | * |

JASON ZINK, LLC,                                    *        **JURY TRIAL DEMANDED**
T/A DON'T KNOW TAVERN AND/OR NO IDEA*
1453 S. Light Street                                *
Baltimore, Maryland 21230                           *
                                                    *
         SERVE:  RESIDENT AGENT                     *
         JASON ZINK                                 *
         514 Wyeth Street                           *
         Baltimore, Maryland 21230                  *
                                                    *
         and                                        *
                                                    *
JASON ZINK                                          *
514 Wyeth Street                                    *
Baltimore, Maryland 21230                           *
                                                    *
         Defendants.                                *
                                                    *

*************************************************************************

## COMPLAINT

COME NOW the Plaintiffs, Tara Gionfriddo ("Gionfriddo"), J. Zachary G. Stevens

("Stevens"), Aaron Zetzer ("Zetzer"), Ashley Husich ("Husich"), and Eric J. Gilbert ("Gilbert")

(the "Bartender Plaintiffs"), and Astrid L. Garrison ("Garrison") (collectively, "Plaintiffs"), by

and through their undersigned counsel, on their own behalf and on behalf of all others similarly

situated, and hereby bring suit against Defendants Jason Zink, LLC, T/A Don't Know Tavern

and/or No Idea, and Jason Zink (together, "Defendants") to recover unpaid back wages, overtime

pay, liquidated damages, reasonable attorney's fees and costs under the federal Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"); unpaid back

wages, overtime pay, liquidated damages, reasonable attorney's fees and costs under the

Maryland Wage & Hour Law, Md. Code Ann., Labor and Employment §§ 3-401 *et seq.*

(hereinafter "MWHL"); unpaid back wages, liquidated damages, reasonable attorney's fees and

costs under the Maryland Wage Payment and Collection Law (hereinafter "MWPCL"), Md.

Code Ann., Labor and Employment §§ 3-503 *et seq.* and restitution and damages for common

2

law conversion.

## PARTIES AND JURISDICTION

1.      Gionfriddo, Stevens, Zetzer, Husich, Gilbert, and Garrison are adult residents of the State of Maryland.  Each Plaintiff's written consent to participate in this lawsuit is attached hereto as Exhibit 1.

2.      Defendant Jason Zink, LLC, T/A Don't Know Tavern ("Don't Know"), and/or No Idea ("the Zink Taverns") are limited liability companies formed under the laws of, and with their principal places of business in the State of Maryland.

3.      Defendant Jason Zink ("Zink") is, on information and belief, the principal owner and member of Don't Know and the co-owner and member of No Idea.

4.      At all times relevant, Defendants were Plaintiffs' "employer" for purposes of the FLSA, the MWHL and the MWPCL.

5.      At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).  At all times relevant, Plaintiffs were individual employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).  Venue is proper pursuant to 28 U.S.C. § 1391(b).  This Court has supplemental jurisdiction over Plaintiffs' state and common law claims.

## FACTS

7.      Gionfriddo began her employment with the Zink Taverns on September 30, 2008 and

maintained employment there until May 30, 2009.  At all times relevant, Gionfriddo worked as a bartender.  Gionfriddo earned an hourly wage of $3.08 per hour.

8.      Stevens began his employment with the Zink Taverns on or about August 20, 2008 and maintains employment there.  At all times relevant, Stevens has worked as a bartender.  Stevens earns an hourly wage of $3.08 per hour.

9.      Zetzer began his employment with the Zink Taverns in May or June 2007 and maintained employment there until June 2008.  At all times relevant, Zetzer worked as a bartender.  Zetzer earned an hourly wage of $3.08 per hour.

10.     Husich began her employment with the Zink Taverns on February or March of 2008 and maintains employment there.  At all times relevant, Husich has worked as a bartender.  Husich earns an hourly wage of $3.08 per hour.

11.     Gilbert began his employment with the Zink Taverns on March 20, 2008 and maintained employment there until May 15, 2009.  At all times relevant, Gilbert worked as a bartender. Gilbert earned an hourly wage of $3.08 per hour.

12.     Garrison began her employment with the Zink Taverns in August 2008 and maintained employment there until June 9, 2009.  At all times relevant, Garrison worked as a sous chef. Garrison earned an hourly wage of $12.50 per hour.

13.     Plaintiffs were at all times employees who were not exempt from the minimum wage or overtime provisions of the FLSA.

14.     Plaintiffs regularly worked more than forty (40) hours per week for Defendants and were not compensated at one and one-half times (1.5x) their regular hourly rate for each hour over forty (40) that they worked in a given workweek.

15.     The FLSA requires that non-exempt employees who work more than forty (40) hours in a

given work week be paid time-and-a-half their regular rate for every hour over forty (40) that an employee works in that week.

16.     Defendants failed to pay Plaintiffs proper time-and-a-half for the time Plaintiffs worked over forty (40) hours each week.

17.     Zink, as the owner of the Zink Taverns, is not an "employee" who "customarily and regularly receives tips" as these terms are used in the relevant regulations governing tip-pooling.

18.     Zink scheduled himself to work as a bartender at the Zink Taverns for multiple shifts per week.

19.     Defendants utilized the "tip credit," as set forth in 29 U.S.C. § 203(m) and § 203(t), as a means of compensating the Bartender Plaintiffs.  Bartender Plaintiffs' tips, and the tips for all other bartenders at the Zink Taverns, were "pooled" every evening and distributed to the bartenders who worked that evening.  When tips were paid out, Bartender Plaintiffs received a portion of the tips according to the number of hours each worked.

20.     At all times relevant, Zink included himself in the distribution of tips from the "tip pool." Zink received a share of the "tip pool" reserved for the bartenders even though Zink is owner of the Zink Taverns and ineligible for a distribution of the tips.  Notwithstanding, Zink deliberately skimmed tips out of the "tip pool" to provide himself additional and unlawful compensation beyond his profit in owning and running the business.

21.     Defendants' scheme of skimming tips out of the "tip pool" destroyed the "tip credit." Thus, a "tip credit" cannot properly be claimed by Defendants.  Absent a "tip credit," Defendants have failed to pay Bartender Plaintiffs minimum wage and overtime pay.

22.     Plaintiffs are aware of other current and former employees of Defendants who are similarly situated in that they: (1) worked many hours of overtime for Defendants; (2) were not

paid minimum wage or for overtime hours as prescribed by law; and (3) did not perform work which would qualify them as exempt from the overtime requirements of the FLSA and MWHL.

## CAUSES OF ACTION

### COUNT I
### (Violations of the FLSA – Minimum Wage)
### Bartender Plaintiffs

23.     Plaintiffs incorporate and reallege the allegations contained in paragraphs 1 through 22 of this Complaint.

24.     The Bartender Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 206(a), and Defendants were their "employer" under § 206(a)(1).  Defendants, as the Bartender Plaintiffs' employer, were obligated to pay the Bartender Plaintiffs an hourly wage at least equal to that of the Federal Minimum Wage, *viz.*, $5.85 per hour between July 24, 2007 and July 23, 2008, and $6.55 per hour between July 24, 2008 and the present date ("Federal Minimum Wage").

25.     As set forth above, because Defendants improperly skimmed money from the pooled tips and diverted the money to Zink, not a traditionally tipped employee, the "tip credit," as set forth in 29 U.S.C. §§ 203(m) and (t), was not available to Defendants.  Therefore, Defendants paid the Bartender Plaintiffs only $3.08 per hour, substantially below the Federal Minimum Wage, for all hours worked.  Defendants' failure and refusal to pay the Bartender Plaintiffs the Federal Minimum Wage for all hours worked violated 29 U.S.C. §§ 206(a) and 215(a)(2).

26.     As a result of the underpayment of wages set forth above, Defendants are liable to the Bartender Plaintiffs in the amount of the unpaid difference between $3.08 per hour actually paid and the Federal Minimum Wage.  This failure and refusal to pay the Federal Minimum Wage was willful, intentional and not in good faith.

6

WHEREFORE, the Bartender Plaintiffs pray that judgment be entered against the Defendants, jointly and severally, in the amount of their unpaid minimum wages under the FLSA, in amounts to be shown at trial.  The Bartender Plaintiffs further seek additional equal amounts as liquidated damages, interest (both pre- and post- judgment), costs, reasonable attorney's fees, and any other relief this Court or a jury deems appropriate.

## COUNT II
### (Violation of Maryland Wage & Hour Law)
### Bartender Plaintiffs

27.     Plaintiffs incorporate and reallege the allegations contained in paragraphs 1 through 26 of this Complaint.

28.     The Bartender Plaintiffs were "employees" and Defendants were their "employer" pursuant to the MWHL.  Defendants, as the Bartender Plaintiffs' employer, were obligated to pay the Bartender Plaintiffs an hourly wage at least equal to that required by the the MWHL, $6.55 per hour for the relevant time period ("Maryland Minimum Wage").  MWHL, § 3-413.

29.     As set forth above, Defendants, by their conduct, were not entitled to the "tip credit." Consequently, Defendants failed and refused to pay the Bartender Plaintiffs the Maryland Minimum Wage, in violation of the MWHL.

30.     As a result of the underpayment of wages alleged above, Defendants are liable to the Bartender Plaintiffs in the amount of the unpaid difference between the hourly wage paid and the Maryland Minimum Wage.  This failure and refusal to pay the Maryland Minimum Wage was not in good faith.

WHEREFORE, the Bartender Plaintiffs pray that judgment be entered against Defendants, jointly and severally, in the amount of unpaid minimum wages under the MWHL, in amounts to be shown at trial, plus interest (both pre- and post-judgment), costs, reasonable

attorney's fees, and any other relief this Court or a jury deems appropriate.

**COUNT III**
**(Violation of Maryland Wage Payment & Collection Law)**
**Bartender Plaintiffs**

31.     Plaintiffs incorporate and reallege the allegations contained in paragraphs 1 through 30 of this Complaint.

32.     The Bartender Plaintiffs were "employees" and Defendants were their "employer" pursuant to the MWPCL.  Defendants, as the Bartender Plaintiffs' employer, are proscribed by § 3-503 of the MWPCL from making deductions from employees' wages unless statutorily authorized.  Tips and gratuities are "wages" under the MWPCL.

33.     As set forth above, Defendants knowingly deducted and withheld portions of the Bartender Plaintiffs' wages both without authority and without proper notice, in violation of the MWPCL.  Specifically, the improper "tip pooling," whereby Defendants deliberately diverted a portion of the Bartender Plaintiffs' tips and gratuities to Zink, the owner, constituted an unlawful and unauthorized deduction from the Bartender Plaintiffs' wages.

34.     As a result of the improper withholding of wages, Defendants are liable to the Bartender Plaintiffs in the amount of the unlawfully deducted wages.  This deduction of wages was without any justification, was not the result of any bona fide dispute, and was not in good faith.

        WHEREFORE, the Bartender Plaintiffs pray that judgment be entered against Defendants, jointly and severally, for withheld wages in violation of the MWPCL, in amounts to be shown at trial.  Further, the Bartender Plaintiffs seek additional damages in the amount of two times (2x) the wages withheld, interest (both pre- and post-judgment), costs, reasonable attorney's fees, and any other relief this Court or a jury deems appropriate.

## COUNT IV
### (Violations of the FLSA – Overtime)
### Bartender Plaintiffs

35.     Plaintiffs incorporate and reallege the allegations contained in paragraphs 1 through 34 of this Complaint.

36.     The Bartender Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were their "employer" under § 207(a)(2).  Defendants, as the Bartender Plaintiffs' employer, were obligated to compensate the Bartender Plaintiffs for overtime hours worked, at the overtime rate.

37.     As set forth above, the "tip credit," as set forth in 29 U.S.C. §§ 203(m) and (t), was not available to Defendants.  Without the benefit of the tip credit, Defendants failed to pay the Bartender Plaintiffs the proper overtime rate for hours worked over forty (40) hours in the workweeks in which the Bartender Plaintiffs worked in excess of forty (40) hours.

38.     As a result of the underpayment of wages set forth above, Defendants are liable to the Bartender Plaintiffs in the amount of the unpaid overtime compensation.  This failure and refusal to pay overtime wages was willful, intentional and not in good faith.

        WHEREFORE, the Bartender Plaintiffs pray that judgment be entered against Defendants, jointly and severally, for their unpaid overtime compensation in violation of the FLSA, in amounts to be shown at trial.  The Bartender Plaintiffs further seek additional equal amounts as liquidated damages, interest (both pre- and post-judgment), costs, reasonable attorney's fees, and any other relief this Court or a jury deems appropriate.

## COUNT V
### (Violations of the FLSA – Overtime)
### Garrison

39.     Plaintiffs incorporate and reallege the allegations contained in paragraphs 1 through 38 of this Complaint.

40.     Garrison was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were her "employer" under § 207(a)(2).  Defendants, as Garrison's employer, were obligated to compensate Garrison for overtime hours worked, at the overtime rate.

41.     While in Defendants' employ, Garrison worked many overtime hours.  For the many work weeks during which Garrison worked longer than forty (40) hours, Defendants failed and refused to compensate Garrison for such work in excess of forty (40) hours at rates not less than one and one-half times (1.5x) the regular rates at which she was employed, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2), as set forth above.

42.     As a result of the underpayment of wages set forth above, Defendants are liable to Garrison in the amount of the unpaid overtime compensation.  This failure and refusal to pay overtime wages was willful, intentional and not in good faith.

        WHEREFORE, Garrison prays that judgment be entered against Defendants, jointly and severally, for her unpaid overtime compensation under the FLSA, in an amount to be shown at trial.  Garrison further seeks an additional equal amount as liquidated damages, interest (both pre- and post-judgment), costs, reasonable attorney's fees, and any other relief this Court or a jury deems appropriate.

<u>COUNT VI</u>
**(Violation of Maryland Wage & Hour Law)**
**Bartender Plaintiffs**

43.     Plaintiffs incorporate and reallege the allegations contained in paragraphs 1 through 42 of this Complaint.

44.     The Bartender Plaintiffs were "employees" and Defendants were the Bartender Plaintiffs' "employer" within the meaning of the MWHL.  As the Bartender Plaintiffs' employer, Defendants were obligated to pay the Bartender Plaintiffs for overtime hours worked as prescribed by § 3-415 and § 3-420 of the MWHL.  These sections require Defendants to pay the Bartender Plaintiffs at the rate of one-and-one-half (1.5x) times their hourly rate for all hours worked in excess of forty (40) in any given workweek.

45.     While in Defendants' employ, the Bartender Plaintiffs worked many overtime hours but were not properly compensated by Defendants for those overtime hours worked.  Overtime pay is, therefore, due and owing to the Bartender Plaintiffs under the MWHL.

46.     Defendants' failure to pay the Bartender Plaintiffs for overtime hours worked as required by the MWHL was willful and intentional, and was not in good faith.

        WHEREFORE, Defendants are liable, jointly and severally, to the Bartender Plaintiffs for unpaid overtime wages under the MWHL in such amounts as are proven at trial, plus interest (both pre- and post-judgment), costs, reasonable attorney's fees, and any other relief this Court or a jury deems appropriate.

## COUNT VII
### (Violation of Maryland Wage & Hour Law)
### Garrison

47.     Plaintiffs incorporate and reallege the allegations contained in paragraphs 1 through 46 of this Complaint.

48.     Garrison was an "employee" and Defendants were her "employer" within the meaning of the MWHL.  As Garrison's employer, Defendants were obligated to pay Garrison for overtime hours worked as prescribed by § 3-415 and § 3-420 of the MWHL.  These sections require Defendants to pay Garrison at the rate of one-and-one-half (1.5x) times her regular rate for all hours worked in excess of forty (40) in any given workweek.

49.     While in Defendants' employ, Garrison worked many overtime hours but was not properly compensated by Defendants for those overtime hours worked.  Overtime pay is, therefore, due and owing to Garrison under the MWHL.

50.     Defendants' failure to pay Garrison for overtime hours worked at the overtime rate, as required by the MWHL, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Garrison for unpaid overtime wages under the MWHL in such amounts as are proven at trial, plus interest (both pre- and post-judgment), costs, reasonable attorney's fees, and any other relief this Court or a jury deems appropriate.

## COUNT VIII
### (Conversion)
### Bartender Plaintiffs

51.     Plaintiffs incorporate and reallege the allegations contained in paragraphs 1 through 50 of this Complaint.

52.     As set forth above, Defendants knowingly and purposely interfered with the Bartender

Plaintiffs' property interest, *viz.*, the gratuities held in the "tip pool" to which the Bartender

Plaintiffs had an immediate right of possession.  Specifically, Defendants improperly and

intentionally diverted a portion of the "tip pool" to provide improper compensation to the owner,

a non-tipped individual, at the Bartender Plaintiffs' expense.

53.     As a result of Defendants' interference with the Bartender Plaintiffs' property interest in

the gratuities held in the "tip pool," the Bartender Plaintiffs' property has been converted.

Defendants are liable to the Bartender Plaintiffs for the value of the converted property.  Such

actions were taken with intent and malice, without justification, and were not taken in good faith.

        WHEREFORE, the Bartender Plaintiffs pray that judgment be entered against

Defendants, jointly and severally, in the amount of the value of the converted property due to the

Bartender Plaintiffs, punitive damages in the amount of Two Hundred Fifty Thousand Dollars

($250,000.00), interest (both pre- and post-judgment), costs, reasonable attorney's fees, and any

other relief this Court or a jury deems appropriate.

### JURY DEMAND

    Plaintiffs demand a trial by jury on all issues triable to a jury as a matter of right.

                                    Respectfully submitted,


                                    Philip B. Zipin, Bar No. 03932
                                    Gregg C. Greenberg, Bar No. 17291
                                    The Zipin Law Firm, LLC
                                    8403 Colesville Road
                                    Suite 610
                                    Silver Spring, Maryland 20910
                                    Phone: (301) 587-9373
                                    Fax: (301) 587-9397
                                    Email:  pzipin@zipinlaw.com
                                            ggreenberg@zipinlaw.com

                                    *Counsel for Plaintiffs*