IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TARA GIONFRIDDO, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-09-1733 |
| JASON ZINK, LLC, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This settlement arises out of a collective action and related claims under the Fair Labor Standards Act. Plaintiffs Tara Gionfriddo, Aaron Zetzer, Eric Gilbert, and former Plaintiffs Brian Emar and Astrid Garrison sued Defendants J.R. Zink, Inc., Jason Link, LLC, and Jason Zink for alleged unlawful wage and hour practices pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, MD. CODE ANN. LAB. & EMPL. §§ 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, MD. CODE ANN. LAB. & EMPL. §§ 3-501 *et seq* ("MWPCL"). On July 5, 2011, the Parties filed a Joint Motion for Approval of FLSA Collective Action Settlement (ECF No. 77) and submitted a corrected version of the Settlement, Release, and Confidentiality Agreement ("settlement agreement") later that same day (ECF No. 78). This Court will now consider the pending motion and proposed settlement.

## BACKGROUND

The background facts of this action were fully set forth in this Court's Memorandum Opinion of March 11, 2011 (ECF No. 69). To summarize, Defendant Jason Zink is the sole

1

owner of both JR Zink, Inc., which owns the No Idea Tavern ("No Idea") and Jason Zink, LLC, which owns the Don't Know Tavern ("Don't Know"). Mr. Zink possesses management authority and supervisory control over both Don't Know and No Idea (collectively, "Taverns").

In addition to operating and supervising the Taverns, Mr. Zink worked as a bartender, serving drinks to and conversing with the patrons, at the two establishments. When Mr. Zink received tips during his bartending work, he contributed them to a collective "tip pool" that is subsequently divided up among the bartenders according to a formula that takes into account the number of hours worked by each bartender. Mr. Zink shared in the tip pool with the other bartenders according to the formula. Although Mr. Zink has received modest K-1 distributions from his tavern businesses, he did not take a salary from either entity.

The named Plaintiffs are former employees of the Taverns.[1] Plaintiffs allege that while they were employed by the Taverns, Defendants unlawfully deprived them of wages under federal and state law.[2] Essentially, Plaintiffs argue that because Mr. Zink is the owner of the Taverns, he is precluded from receiving tips from the tip pool while simultaneously taking a "tip credit" under the FLSA and the MWHL.[3]

---

[1] With the exception of Astrid Garrison, who was employed as a sous chef at Don't Know, the original Plaintiffs are bartenders who formerly worked at the Taverns. On February 14, 2010, Brian Emar joined the lawsuit as an opt-in Plaintiff, and on February 19, 2009 filed a consent form pursuant to 29 U.S.C. § 216(b) of the FLSA. However, this Court's order of March 11, 2011 severed Garrison and Emar from the suit. *See Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880 (D. Md. 2011); *see also infra* p. 3.

[2] Specifically, Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), MD. CODE ANN. LAB. & EMPL. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), MD. CODE ANN. LAB. & EMPL. §§ 3-501 *et seq.*

[3] The FLSA generally requires employers to pay employees a minimum wage of $7.25 per hour.

On March 11, 2011, this Court ruled on a number of motions filed by the parties. First, this Court granted Defendants' Motion to Decertify (ECF No. 61) with respect to Brian Emar and Astrid Garrison, leaving only Gionfriddo, Gilbert, and Zetzer in the action. This Court also granted Plaintiffs' Motion for Partial Summary Judgment (ECF No. 45) on Counts I, II, and IV, finding that Mr. Zink's participation in the tip pool violated the FLSA and MWHL. However, this Court did not rule on the issue of damages. Defendants' Cross Motion for Summary Judgment (ECF No. 51) was granted with respect Plaintiffs' overtime wages claims under the MWHL (Claim VI). All of Plaintiffs' other claims were either denied as moot or previously withdrawn.

Subsequently, the parties entered settlement negotiations. On July 5, 2011, the parties filed their Joint Motion for Approval of FLSA Collective Action Settlement ("Joint Motion"), seeking this Court's approval of the settlement agreement.[4] The Settlement agreement provided for a total amount of $115,000.18 to be paid by the Defendants to the Plaintiffs, former Plaintiffs, and Plaintiffs' counsel. The total amount was divided as follows:

| Aaron Zetzer | $1304.04 |
| Tara Gionfriddo | $2033.04 |
| Brian Emar | $6863.04 |
| Eric Gilbert | $1906.02 |
| Astrid Gilbert | $2894.04 |

---

29 U.S.C. § 206(a)(1)(c). However, there exists an exception for employers who employ people working in a "tipped occupation." Those tipped employees must receive at least the minimum wage, but their employers are permitted to pay them less than the minimum wage so long as the tips the employees receive make up the difference between the tipped wage rate and the full minimum wage. This is known as a "tip credit." 29 U.S.C. § 203(m).

[4] Later that same day, the Defendants submitted ECF No. 78 with a corrected version of the settlement agreement (ECF No. 78-1). This Court considers the corrected version of the settlement agreement in this opinion.

| Attorney Philip B. Zipin (Fees Payment) | $100,000.00 |

The Joint Motion stated that "Defendants make no representation with respect to the fees and costs to be paid to Plaintiffs' counsel." Joint Mot. 2, ECF No. 78.

ANALYSIS

Settlement agreements that resolve claims pursuant to the FLSA must receive court approval. *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641 at *2 (D. Md. March 23, 2010) (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). While the United States Court of Appeals for the Fourth Circuit has not definitively articulated specific standards for assessing FLSA collective action settlement agreements, the factors used to evaluate class action settlements under Federal Rule of Civil Procedure 23(e) are usually applied. *See id.*; *Lomascolo v. Parsons Brinkerhoff, Inc.*, 2009 WL 2094955 at *11 (E.D.Va. Sept. 28, 2009).

In an action under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The calculation of a reasonable fee award, known as the lodestar award, is reached by multiplying the reasonable hours expended by a reasonable hourly rate. *Xiao-Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 764 (D. Md. 2001); *see also Poulin v. General Dynamics Shared Resources, Inc.*, 2010 WL 1813497, at *1 (W.D.Va May 5, 2010). In assessing the reasonableness of the hours and rate claimed, the court considers the following twelve factors, as adopted by the Fourth Circuit:

> "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work;

4

> (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). The twelve-factor test is subsumed in the initial calculation of the lodestar award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983). "'When . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal citations omitted). If this Court finds that there is insufficient information to make a lodestar analysis, the Local Rules permit an order for the production of appropriate documentation:

> Upon request by the Judge (or private mediator agreed upon by the parties) presiding over a settlement conference, counsel for all parties (with the exception of public lawyers who do not ordinarily keep time records) shall turn over to that officer (or mediator) statements of time and the value of that time in the "litigation phase" format provided in Guideline 1.b.

Local Rules, App. B (1)(d) (D. Md. 2011); *see also Grissom v. The Mills Corp.*, 549 F.3d 313, 323-24 (4th Cir. 2008); *Poulin*, 2010 WL 1813497, at *1.

The parties have not provided sufficient documentation to support the attorney's fees stated in the settlement agreement. *See Grissom*, 549 F.3d at 323-24 (4th Cir. 2008) (vacating fee award because (1) claimed hourly rates and hours worked were not supported by sufficient specific evidence showing reasonableness of fees, and (2) trial court erroneously determined that plaintiff's counsel worked under demanding time constraints and weighed its assessment

5

accordingly); *Poulin*, 2010 WL 1813497 at *1 (denying settlement agreed because, in part, "[t]he parties have offered no justification underlying their request for an award of attorney's fees, much less the factual basis required for the Court to apply the lodestar analysis as a guide in determining the reasonableness [of] the requested attorney's fees").

Although this Court does not have sufficient information to rule on the reasonableness of the fees, this Court notes that there is evidence that at least suggests that the attorney's fees are unreasonable. First, the attorney's fees account for nearly 87% of the payments made by the Defendant, and as such, are likely not reasonable in light of the eighth factor of the twelve factor test. *See Jackson v. Estelle's Place, LLC*, 391 Fed.Appx. 239 (4th Cir. 2010) (per curiam) (unpublished) (holding that use of proportionality approach is acceptable for determining reasonableness of attorneys fee in FLSA claim). Moreover, although the Plaintiffs prevailed on three of their claims, they did not prevail on every claim. *See Grissom*, 549 F.3d at 321 (4th Cir. 2008) (quoting *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002) ("Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.").

Accordingly, the Parties should (1) reassess the reasonableness of the fee amount provided for in the settlement agreement and (2) submit sufficient documentation with their next motion for settlement approval so that this Court may perform a lodestar analysis.

## CONCLUSION

For the foregoing reasons, the Joint Motion for Approval of FLSA Collective Action Settlement Agreement (ECF No. 77) is DENIED. A separate order follows.

Dated: July 15, 2011                            /s/_____
                                                Richard D. Bennett
                                                United States District Judge