IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TARA GIONFRIDDO, *ET AL.*, | * | |
| PLAINTIFFS | * | |
| | | CIVIL ACTION NO.: RDB-09-1733 |
| V. | * | |
| JASON ZINK, LLC, *ET AL.*, | * | |
| DEFENDANTS. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses the Second Motion for Approval of Fair Labor Standards Act Collective Action Settlement filed by the Plaintiffs. ECF No. 82. Previously, the parties submitted a *joint* settlement approval motion, which this Court denied on July 15, 2011. *See Gionfriddo v. Jason Zink, LLC*, No. RDB-09-1733, 2011 WL 2791136 (D. Md. July 15, 2011). This Court denied the joint motion because, *inter alia*, the Plaintiffs' request for attorney's fees was not supported by documentation sufficient to conduct a lodestar analysis, and also because this Court expressed reservations regarding the fact that the proposed settlement agreement contemplated attorney's fees far in excess of the amount to be received by the individual plaintiffs. *Id.* at *3. Specifically, the agreement provided for a total amount of $115,000.18 of which $100,000 was to be paid as attorney's fees with only $15,000.18 to be paid to the individual plaintiffs. In light of this gross disproportionality, this Court requested that the parties "(1) reassess the reasonableness of the fee amount provided for in the settlement agreement and (2) submit sufficient documentation with their next motion for settlement approval so that this Court may perform a lodestar analysis." *Id.*

1

at *4.  The parties were apparently unable to collectively "reassess" the reasonableness of the fee award, and as a result, have filed separate submissions bearing on the reasonableness of the Plaintiff's fee request.  The Plaintiffs filed the pending second motion for approval of settlement agreement, and the Defendants filed a reply in which they propound "information that may be relevant to the Court's determination as to whether to approv[e] the settlement agreement."  Defs.' Status Report 1, ECF No. 81; *see also* Defs.' Status Report 2, ECF No. 83.  In "reassessing" the reasonableness of the fee amount, the Plaintiffs have not sought to reduce the amount of attorney's fees requested—instead, they have submitted documentation supporting their original fee request.  The Defendants take issue with many of the Plaintiffs' assertions and argue that "this case has been the poster-child for lawsuit abuse" insofar as the Plaintiffs repeatedly disregarded earlier settlement offers in an attempt to "run up huge fees and costs against Defendants."  Defs.' Status Report 2 at 11.  In short, the Defendants maintain that "[t]his case raises the difficult issue of what happens to an employer in a statutory fee shifting case when the prospects of liability are likely, the damages relatively small, and Plaintiffs' counsel has no incentive to stop the run up in fees."  *Id.* at 10 (emphasis in original).

This Court need not address that broader question in this Memorandum Opinion.  However, it will not approve $100,000 in attorney's fees in this matter.  Accordingly, for the reasons that follow, the Plaintiffs' Second Motion for Approval of Fair Labor Standards Act Collective Action Settlement (ECF No. 82) is DENIED.

**PROCEDURAL HISTORY**

This Fair Labor Standards Act ("FLSA") collective action settlement arises out of a lawsuit filed by Plaintiffs Tara Gionfriddo, Aaron Zetzer, Eric Gilbert, Astrid Garrison, and Brian Emar against Defendants J.R. Zink, Inc., Jason Zink, LLC, and Jason Zink for unlawful wage and hour practices under the FLSA, 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), MD. CODE ANN. LAB. & EMPL. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), MD. CODE ANN. LAB. & EMPL. §§ 3-501 *et seq.* The central issue in the case was the Plaintiff's contention that Jason Zink, the owner and operator of two taverns that employed the Plaintiffs, was prohibited from sharing in the employee tip pool under the FLSA. On March 11, 2011, this Court concluded that the FLSA and MWHL did indeed preclude an owner-employer from participating in employee tip pools, and granted partial summary judgment to the Plaintiffs on Counts I, II, and IV. *See Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 884 (D. Md. 2011). The Defendants' cross-motion for summary judgment was granted with respect to Count VI, Plaintiffs' overtime wage claim under the MWHL. Plaintiffs' remaining claims were either denied as moot or were withdrawn. Moreover, this Court granted the Defendants' motion to decertify the collective action, severed plaintiff Astrid Garrison, and dismissed plaintiff Brian Emar—leaving plaintiffs Gionfriddo, Gilbert, and Zetzer.

Essentially, this Court granted summary judgment to the Plaintiffs on the issue of liability, but left for further proceedings the issue of damages. Thereafter, the parties entered settlement negotiations, and on July 5, 2011, filed the first joint motion for approval of settlement. The settlement agreement provided for a total amount of $115,000.18, of which

$15,000.18 was to be paid to the individual plaintiffs, and $100,000 was to be paid as attorney's fees. As previously mentioned, by Memorandum Opinion and Order of July 15, 2011, this Court denied the joint motion.

## DISCUSSION

Settlement agreements that resolve claims pursuant to the FLSA must receive court approval. *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641 at *2 (D. Md. March 23, 2010) (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). While the United States Court of Appeals for the Fourth Circuit has not definitively articulated specific standards for assessing FLSA collective action settlement agreements, the factors used to evaluate class action settlements under Federal Rule of Civil Procedure 23(e) are usually applied. *See id.*; *Lomascolo v. Parsons Brinkerhoff, Inc.*, 2009 WL 2094955 at *11 (E.D.Va. Sept. 28, 2009).

In an action under the FLSA, the prevailing party is entitled to reasonable attorney's fees. *See* 29 U.S.C. § 216(b). Here, the parties agree that the Plaintiffs are the prevailing parties,[1] and are entitled to an award of reasonable attorney's fees. The calculation of a reasonable fee award, known as the lodestar award, is reached by multiplying the reasonable hours expended by a reasonable hourly rate. *Xiao-Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 764 (D. Md. 2001); *see also Poulin v. General Dynamics Shared Resources, Inc.*, 2010 WL 1813497, at *1 (W.D.Va May 5, 2010). In assessing the reasonableness of the hours and rate claimed, the court considers the following twelve factors, as adopted by the Fourth Circuit:

---

[1] While the parties agree that the Plaintiffs are the prevailing parties, they dispute the degree of success obtained by the Plaintiffs. *See* discussion *infra*.

4

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). The twelve-factor test is subsumed in the initial calculation of the lodestar award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

The party seeking fees "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D.Va. June 12, 2008). Furthermore, "[a] trial court may exercise its discretion in determining the lodestar amount because it possesses superior understanding of the litigation, and the matter is essentially factual." *Lopez v. XTEL Constr. Grp., LLC*, __ F. Supp. 2d __, No. PWG-08-1579, 2012 WL 769493, at *2 (D. Md. March 9, 2012) (internal quotations and citation omitted); *see also Plyler v. Evatt*, 902 F.2d 273, 277-78 (4th Cir. 1990) ("Our review of the district court's award is sharply circumscribed; we have recognized that because a district court has close and intimate knowledge of the efforts expended and the value of the services rendered, the fee award must not be overturned unless it is clearly wrong.").

Here, notwithstanding the fact that the Plaintiffs have now submitted documentation supporting their request for $100,000 in attorney's fees, the request is nevertheless

5

unreasonable, and will not be approved.  As noted, this Court previously concluded that because the proposed settlement agreement provided a fee award greatly in excess of the amounts to be paid to the individual plaintiffs, that request was "likely not reasonable in light of the eighth factor of the twelve factor [lodestar] test. *Gionfriddo v. Zink*, 2011 WL 2791136, at \*3 (citation omitted).  In so concluding, this Court relied on *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239 (4th Cir. 2010), an unpublished Fourth Circuit opinion that held that a district court may rely, at least to some degree, "on a proportionality approach" to the lodestar analysis.  *Id.* at 244.

The Plaintiffs aptly point out that the Fourth Circuit in *Jackson* did not mandate the use of a proportionality standard, and later argue that reliance on such an approach actually "undermines the legislative purpose [of] the [Fair Labor Standards Act]."  Pls.' Second Settlement Mot. at 2 n.1, ECF No. 82.  In so arguing, the Plaintiffs quote Judge Gregory who dissented in *Jackson* and would not have upheld the fee awarded by the district court in that case.  Specifically, Judge Gregory concluded that "the district court's focus on the damages awarded *as compared to the attorney's fee* is more than analytic imprecision or imprecise methodology.  Rather, it constitutes error."  *Jackson*, 391 F. App'x at 246 (Gregory, J., dissenting) (internal quotation and citation omitted, emphasis in original).  Instead, Judge Gregory concluded that because the eighth factor of the traditional lodestar test "is largely coextensive with the court's consideration of the employee's 'degree of success[,]' . . . '[w]hen considering the extent of relief obtained we must compare the amount of the damages sought to the amount awarded.'"  *Id.* at 245 (quoting *Nigh v. Koons Buick Pontiac*

*GMC, Inc.*, 478 F.3d 183, 190 (4th Cir. 2007); *Mercer v. Duke Univ.*, 401 F.3d 199, 204 (4th Cir. 2005)).

In relying on Judge Gregory's dissent in *Jackson*, Plaintiffs would have done well to contemplate its full import. Disregarding the issue of proportionality between the damages awarded and the attorney's fee, Judge Gregory's larger point, which is amply supported by Supreme Court and Fourth Circuit precedent, is that in determining the proper lodestar amount, the crucial inquiry is the degree of success attained by plaintiffs. As noted by the Supreme Court, in considering the "degree of success," "[t]he result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435-36 (1983). The "result" in *Jackson* was a settlement agreement that provided the employees "with the maximum monetary relief due under the FLSA—the full amount of overtime pay owed plus an equal amount of liquidated damages." *Jackson*, 391 F. App'x at 247 (Gregory, J., dissenting). Therefore, according to Judge Gregory, because the settlement agreement "resolv[ed] all of [the employee's] claims . . . the full lodestar fee should have been awarded." *Id.*

Here, by contrast, Plaintiffs candidly admit that "[a]lthough summary judgment was granted in favor of the Bartender Plaintiffs with respect to Defendants' liability for violating the tip pool regulations, it was *never certain nor was it ever determined what amount was owed to them*." Pls.' Second Settlement Mot. at 8 (emphasis added). Moreover, the Plaintiffs acknowledge that, even after they prevailed on summary judgment, the question remained as to "whether Plaintiffs [are] entitled to any recovery at all, given their inability to specify their hours worked and amounts due at deposition." *Id.* Although the Plaintiffs' Second Amended Complaint does not specify the damages sought, in connection with a settlement

7

conference conducted by Magistrate Judge Gauvey of this Court, the Plaintiffs maintained that the "maximum amounts potentially recoverable for Plaintiffs" was $54,757.02.

Considering the Fourth Circuit's pronouncement that "[w]hen considering the extent of the relief obtained, we must compare the amount of the damages sought to the amount awarded," *Mercer*, 401 F.3d at 204, it is clear that the Plaintiffs' readiness to accept only $15,000.18 out of a maximum of $54,757012 is an acknowledgment that they have achieved only limited success. In such a case, the Supreme Court has cautioned that where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation *as a whole* times a reasonable hourly rate *may be an excessive amount*." *Hensley*, 461 U.S. at 435-36 (emphasis added). As an example, the Court explained that "had respondents prevailed on only one of their six general claims, . . . a fee award based on the claimed hours *clearly would have been excessive*." *Id.* at 436 (emphasis added).

In this case, the only concrete success so far achieved by the Plaintiffs was this Court's grant of summary judgment on a *legal* issue. This Court held that Mr. Zink unlawfully participated in the employee tip pool,[2] but left entirely unresolved the issue of damages. While the grant of summary judgment to the Plaintiffs on liability, was, at least according to the Defendants "outcome determinative," the precise nature of the "outcome" is not clear. What is clear, is that the Plaintiffs' second motion for settlement approval requests attorney's fees covering nearly the entire scope of this litigation, and does not take

---

[2]  This Court did *not* hold that Mr. Zink was categorically precluded from receiving tips as a bartender-owner of a restaurant or tavern. Rather, this Court concluded that Mr. Zink could not receive tips while simultaneously taking a "tip credit" under the Fair Labor Standards Act that would allow him to pay his employees less than minimum wage. *See Gionfriddo v. Zink*, 769 F. Supp. 2d 880, 893 (D. Md. 2011).

into account the degree of success actually achieved. In this regard, courts have reduced the lodestar fee amount where FLSA plaintiffs recovered only a portion of the total amount sought. *See, e.g.*, *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 801 (5th Cir. 2006) (affirming district court's reduction of lodestar amount by approximately $100,000 (for a total fee amount of $13,000)—an amount in proportion to the difference between the initial prayer and the ultimate settlement amount)); *see also Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) ("Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff."). Under that rubric, and disregarding for the moment the other lodestar factors, because the Plaintiffs' are willing to accept approximately 27% of the total amount sought, this Court could conclude that Plaintiffs have only achieved a 27% success in this case, and could therefore reduce the attorney's fees request accordingly.

In the present case, the Plaintiff's request for attorney's fees completely fails to take into account the actual degree of success achieved. Indeed, as it stands today, the Plaintiffs have achieved only very limited success, and this Court therefore concludes that the fees requested—covering the entire scope of the litigation to date—are unreasonable. Finally, this Court must take note of the troubling allegations made by the Defendants, *i.e.*, that the Plaintiffs have essentially abused the fee-shifting provisions of the FLSA in order to run up excessive legal fees. This Court takes no position on that issue at this time, but insofar as the settlement is not yet approved and will likely require further proceedings, this Court is mindful of the following reminder from the Supreme Court:

> [W]e have said repeatedly that "the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544, 79 L. Ed. 2d 891 (1984). *The courts may then adjust this lodestar calculation by other factors.*

*Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (emphasis added).

## CONCLUSION

For the reasons stated above, Plaintiffs' Second Motion for Approval of Fair Labor Standards Act Collective Action Settlement (ECF No. 82) is DENIED. Accordingly, the parties will be granted until May 31, 2012 to submit a revised settlement proposal that adequately accounts for the degree of success achieved by the Plaintiffs. If the parties are unable to agree before May 31, this Court will hold a hearing in which the parties will litigate the amount of damages and the proper amount of attorney's fees. In addition, the parties are directed to contact my Chambers by April 13, 2012 in order to schedule a hearing date after May 31, in the event a settlement agreement cannot be reached.

A separate Order follows.

Dated: March 29, 2012.

/s/_____
Richard D. Bennett
United States District Judge